## In re BAILY'S ESTATE.

### No. 20974.

District Court, W. D. Pennsylvania.

Jan. 23, 1942.

C. Randolph Myers, of Ebensburg, Pa., referee in bankruptcy.

Montgomery & Thompson, of Waynesburg, Pa., petitioners for bankrupt.

McVICAR, District Judge.

Montgomery and Thompson, Esqs., attorneys for the bankrupt, made application to the referee for an allowance of a fee as attorneys for the bankrupt in the administration of his estate, in the sum of $400. The referee allowed the application in the sum of $125. The attorneys filed a petition for review of the referee's order, which is the matter now before the court.

Petitioners claim that their application should have been allowed in full. Section 64, sub. a(1) of the Bankruptcy Act of June 22, 1938, 11 U.S.C.A. § 104, sub. a(1), provides that the debts to have priority, in advance of the payment of dividends to creditors, shall consist, inter alia, of "one reasonable attorney's fee, for the professional services actually rendered, irrespective of the number of attorneys employed * * * to the bankrupt in voluntary * * * cases, as the court may allow."

Rule 9(c) of this court provides:

"In the absence of special circumstances, the following rates of compensation shall be applicable:

*     *     *     *     *

"In a voluntary case, to the attorney for the bankrupt, $125.00,"

In Gilbert's Collier on Bankruptcy, 4th Ed., Sec. 62, Paragraph 1220, it is stated: "Economy in the administration of estates is the policy of the present law, and is to be strictly enforced. This principle should be kept in mind in fixing the compensation of attorneys. Attorneys should be allowed reasonable compensation for services rendered, but only when they are beneficial to the estate. The amount of the allowance is discretionary with the court;"

In the case of In re Herald-Post, Inc., Bankrupt, D.C.W.D.Ky., 21 F.Supp. 231, 232, Judge Hamilton, in considering applications for allowance of attorneys' fees, stated the factors to be considered in determination thereof; also, that: "The bankrupt's attorney is entitled only to compensation out of the estate for services which, though performed for the bankrupt, are really an aid to the estate in its administration. The Bankruptcy Act does not contemplate that the estate shall be burdened with the expense of furnishing an attorney for the bankrupt every time he appears before the referee, and, further, the attorney's compensation is limited to services rendered to the bankrupt while performing the duties devolving on him under the act. It does not include serv-

ices rendered prior to the institution of the bankruptcy proceedings."

From the record, it appears that the bankrupt was a farmer; that his brother, who was also a farmer, at the same time as the bankrupt in this case, filed a voluntary petition. The services rendered by the attorneys for the bankrupt were only matters of routine administration. The schedules are ordinary, listing thirty-six claims, without making any separate list of tax claims of various municipalities; that there were no complications incident to the first meeting of the creditors; that the attorneys attended the first meeting and the first meeting of the creditors in the estate of the brother, which were held at the same time and place.

The record does not show any special circumstances which would warrant an allowance greater than that provided for by the rule of this court. The record, also, does not disclose facts which would warrant a finding that the reasonable compensation of the attorneys for the bankrupt, for which the bankrupt estate is liable, is an amount exceeding the amount allowed by the referee.

The facts in the brother's case sustain the finding and order made by the referee.

And now, the order of the referee, in fixing the fee of Montgomery and Thompson, Esqs., attorneys for the bankrupt, in the amount of $125 is confirmed